MoIlvaine, J.
By this proceeding, the defendant is called upon to show by what authority he assumes to hold and exercise the office of fire engineer of the city of Columbus.
This office was created by an ordinance of the city, passed on May 8, 1871, which was amended June 8, 1874. This ordinance, which was fully authorized by the statutes of the state relating to the organization and government of municipal corporations, provides, among other things, as follows :
“ Section 1. Be it ordained by the city council of Columbus, That it is deemed expedient to create, and there is hereby created, the office of fire engineer of the city of Columbus ; that such officer shall be appointed by the mayor, by and with the advice and consent of the city council of said city, on the first Monday of June, a. d. 1871, and annually thereafter, and shall hold his office for the period of one year, and until his successor is appointed and qualified, and all vacancies in said office shall in like manner, immediately upon the vacancy occurring, be filled by appointment for the unexpired term, and until a successor is appointed and qualified. The mayor shall immediately upon making any such appointment, report the name of such appointee to the city council of said city for its action thereon; the fire engineer shall perform the duties prescribed in the act entitled, ‘ An act to provide for the organization and government of municipal corporations,’ passed May 7, 1869, and the acts amendatory thereof, and supplementary thereto, as well as the duties prescribed by this or *105 any other ordinances of the city ; the person so appointed shall be an elector of the city of Columbus, and before entering upon the duties of his office shall take an oath or affirmation to support the Constitution of the United States and the state of Ohio, and also an oath or affirmation of office, and shall also execute a bond to the city of Columbus in the sum of $5,000, to be approved by the mayor, conditioned for the faithful performance of the duties of his office, which bond shall be deposited with the clerk of the corporation and shall be by the clerk, with the approval indorsed thereon, recorded, filed and preserved in his office: the said fire engineer shall receive as compensation for his services the sum of $1,000, payable monthly from the city treasury.”
The facts in the case are agreed upon, and, in so far as they are deemed material, are as follows: On September 6, 1880, one David D. Tressenrider was duly appointed, confirmed and qualified as fire engineer, whose term of office would have expired in June following, if a successor had been appointed and qualified ; but inasmuch as no successor was appointed, confirmed cmd qualified, he continued to exercise the functions of the office until the following occurrences, which are thus stated in defendant’s answer:
“ That previous to the second day of March, a. d. 1882, specific charges of neglect of duty and misconduct in office on the part of said David D. Tressenrider, were filed against him with George S. Peters, then the duly elected and qualified and acting mayor of said city, and that thereupon such proceedings were had before said mayor, after reasonable notice to the said David D. Tressenrider to appear and answer said charges; and after a hearing upon testimony, at which the said David D. Tressenrider was present in person and by counsel, that said mayor, upon the testimony adduced before him, found said charges to be true, and on said second day of March, a. d. 1882, for such neglect of duty and misconduct on the part of said David D. Tressenrider, suspended him from said office of fire engineer; and immediately thereafter appointed this defandant, who was then and is now an elector of said city, to fill the vacancy occasioned in said office by such suspension; *106 and that said defendant immediately after said appointment accepted said office, and immediately took an oath to support the constitution of the United States and the state of Ohio ; and an oath of office faithfully and impartially to discharge all and singular the duties pertaining thereto, and immediately gave bond with good and sufficient sureties to said city of Columbus in the sum of $5,000, conditioned according to law and the ordinances of said city, which bond was approved by said mayor, as required by said ordinance regulating and defining the duties of said office, and that immediately thereafter said defendant entered upon the discharge of all and singular the duties pertaining3 to said office of fire engineer of said city of Columbus, and has ever since continued, and now continues, to discharge such duties under and in pursuance of said appointment.”
In reply to this answer, the relator states the following facts, among others, to wit:
“ That on the 6th day of March, a. d. 1882, at a regular meeting of the city council of said city of Columbus, duly and lawfully assembled and held, being the next regular meeting of said council after said 2d day of March, a. d. 1882, the said George S. Peters, mayor of said city of Columbus, reported to said city council in writing the said suspension of said David D. Tresenrider as fire engineer of said city, the cause thereof, and the appointment by him of said Henry Heinmiller, the defendant, to fill the temporary vacancy in said office caused thereby ; that the said city council thereupon entered upon the investigation and consideration of the matter of said suspension, the cause thereof, and said appointment so reported as aforesaid, and, pending said investigation and consideration, the council adjourned its said session until the succeeding day, March 7, 1882; that on said 7th day of March, a. d. 1882, at said adjourned meeting of said city council, duly and lawfully assembled and held, the said council resumed and continued the investigation and consideration of .said matters aforesaid, and upon the conclusion thereof, the said council, on the 7th day of March, 1882, by a majority vote of all the members elected *107 thereto, passed and adopted a resolution, of which the following is a true and correct copy, to wit:
“Resolved by the city council of the city of Columbus, That the order of the mayor of said city suspending D. D. Tresenrider from his office of fire engineer of said city, and appointing Henry Heinmiller to fill the temporary vacancy occasioned thereby, be not concurred in ; that said order be set aside and held for naught, and that said D. D. Tresenrider be, and he is hereby directed to proceed at once to discharge the duties of said office and take control and command of the fire department of said city the same as if said order had not been made.”
The facts stated in reply are admitted to be true ; but it is agreed that the testimony heard by the mayor was not reported by him to the council. A large portion, however, but not the whole, of such testimony reported by an unauthorized stenographer, was considered by the council; but no witnesses were examined before the council, nor is it known what inquiry, if any, was made hy individual members of the council, concerning the truth of the charges preferred against Tresenrider.
Upon this state of facts, the question is: Has the defendant shown a right to hold the office ?
In the first place, it is claimed on behalf of the defendant that the finding and judgment of the mayor on the hearing of the charges preferred against Tresenrider were the exercise of judicial powers; wherefore, the finding that Tresenrider was guilty of neglect of duty in office and the order of his suspension from office cannot be reviewed by this court upon this proceeding in quo warranto.
Whether the powers exercised by the mayor were judicial or administrative is wholly immaterial, as it is not sought in this proceeding to review his acts for the purpose of approving or disapproving them. His finding and order must stand, as incontrovertible facts in the case. The sole question before us, as far as his actions are concerned, is as to their force and effect. And this brings us to consider section 1749 of the Revised Statutes, which constitutes the sole authority of the mayor for his action in the premises.
*108 This section provides as follows:
“ Section 1749. He shall, unless otherwise provided, have power to suspend from office any lieutenant of police, or any officer appointed by him under the authority of any law or ordinance, for neglect of duty, misconduct in office, or other sufficient cause, and may appoint other persons to fill the temporary vacancy occasioned thereby ; and all such suspensions, and the cause thereof, and all such appointments, shall be by him reported to the council for their action at the next regular meeting thereafter.”
That a suspension under this section cannot be rightfully ordered without cause, may be admitted; but the existence of sufficient cause will be presumed until it appears otherwise. But whenever a suspension is ordered, whether rightfully or wrongfully, it operates, as between the officer and the municipality, until the order be set aside, or the term of suspension expires. An exigency calling for the exercise of the power exists, whenever the existence of sufficient cause comes to the knowledge of the mayor; and the means of acquiring such knowledge is not prescribed or limited by the statute : so that the exercise of the power is left to the sound discretion of the mayor, who is also responsible for its abuse.
That the duration of the suspension authorized by this section is to be measured by the duration of the vacancy occasioned by it, is a proposition too plain for discussion; and it is expressly declared that the vacancy occasioned by the suspension is temporary. A suspension from office and a removal from office convey very different ideas; and it is very clear that the legislature recognized the difference, as by section 1685 of the same act, the power of removal from office in municipalities is conferred on the council alone. In the ease of suspension it is contemplated that the suspended officer may be restored to his office and hold the same by virtue of his original title, while in case of removal the title of the removed officer is permanently lost to him. 'The vacancy in this case being temporary, and the suspension being for the same time, of course, the suspended officer is restored to his office at the expiration of that *109 time, unless Ms right and title be impaired or taken away by some other cause.
It has not and cannot be disputed, that the title of the defendant to this office terminated with the termination of the vacancy which he was appointed to fill. The question therefore arises, when did such vacancy terminate ? The statute requires the mayor to report “ to the council for their action ” at the next regular meeting thereafter, “ all such suspensions, and the cause thereof, and all such appointments,” to wit, appointments to fill temporary vacancies occasioned by such suspensions. Now, it is claimed on behalf of defendant that the only action upon the report of the mayor, which the council is authorized to take, is to approve the suspension and to approve or disapprove the appointment. We are unanimous in the opinion that this claim cannot be maintained. The action of the council is unrestricted. It may act upon its own absolute discretion in approving or disapproving the whole or any part of the report. Discretion to approve implies discretion to disapprove. The action of the council is confided to its judgment, and that judgment may be based upon such information and knowledge as it may obtain. No restriction or limitation is imposed upon the council as to means of acquiring the knowledge by which its action must be controlled.
Whatever may be the effect of the action of the council in appi’oving the action of the mayor in ordering a suspension, in the light of section 1685, which provides :
“ Section 1685. An officer or agent, appointed by authority of this title, except as otherwise provided therein, may be removed from office at the pleasure of the council by a vote of a majority thereof; an officer elected may be removed from office by a concurrent vote of two-thirds of all the members elected to the council; and in case of elective officers, provisions shall be made by ordinance for preferring charges and trying the party complained of upon the same; but in no ease shall such removal be made, unless a charge in writing is preferred and an opportunity given to make defense,” — a subject we need not now inquire into — it is quite clear to us, that the action of the council disapproving of the order of suspension. *110 ipso facto, terminates tbe vacancy occasioned by it, and also terminates the suspension itself; so that an appointee to fill such vacancy can no longer rightfully exercise the functions of the office.
It is also claimed on behalf of defendant, that the petition in this case is defective in not setting forth the name of the person who claims to be entitled to the office, as required by section 6766 of the Eevised Statutes. This section applies only to proceedings prosecuted by the person who claims the office as provided in section 6764, and such showing is certainly necessary where a judgment of induction as well as ouster is sought. The case before us, however, is prosecuted by the attorney-general on behalf of the state, as authorized by statutes in relation to the duty of the attorney-general, and the only remedy sought is a judgment of ouster.

Judgment accordingly.